UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

James Brammer,

    Plaintiff,

v.

A.J.M. Packaging Corporation, and
Robert E. Epstein,

    Defendants.

Case No. 25-cv-12499

Hon. Brandy R. McMillion

Magistrate Judge David R. Grand

## ORDER STRIKING PLAINTIFF'S REPLY BRIEF AND GRANTING LEAVE TO FILE SEALED REPLY BRIEF

This matter comes before the Court on the parties' Stipulation to Seal Portions of Plaintiff's Reply Brief in Support of His Motion for Attorney Fees (ECF No. 16) ("Reply Brief"). Having considered the Stipulation, and for the reasons set forth below, the Court finds that compelling reasons exist to strike and seal the Reply Brief, as required by E.D. Mich. LR 5.3(b)(3)(C).

Specifically, the Court finds that:

1. On February 6, 2026, Plaintiff filed his Reply Brief (ECF No. 16) in support of his Motion for Attorney Fees on the public docket.

2. The Reply Brief references and characterizes confidential settlement terms governing the resolution of claims between Defendant AJM Packaging Corporation ("AJM") and three individuals—Thurman Caplinger, Joseph Riley, and

James Brammer. While Brammer is the plaintiff in this case, none of the confidential settlements referenced in the Reply Brief involve the claims raised in or the resolution of this action.

3. Plaintiff's counsel represented Caplinger, Riley, and Brammer in those separate cases, each of which resolved pursuant to a Confidential Settlement Agreement containing nondisclosure provisions with liquidated damages clauses. Those nondisclosure provisions applied equally to the attorneys in those matters, including Plaintiff's current counsel.

4. The Reply Brief discloses and characterizes the nature and magnitude of the confidential settlement terms included in those agreements; and pertains to the resolution of claims not involved in this action, nor the entitlement or amount of attorney fees in this action, which was resolved by offer of judgment.

5. There is no public interest in access to these terms that outweighs the compelling interest in maintaining their confidentiality.

Accordingly, having found compelling reasons exist to strike and seal portions of Plaintiff's Reply Brief in Support of His Motion for Attorney Fees (ECF No. 16), **IT IS HEREBY ORDERED** that Plaintiff's Reply Brief in Support of His Motion for Attorney Fees (ECF No. 16) is hereby **STRICKEN** and shall be **REMOVED** from the public docket.

**IT IS FURTHER ORDERED** that if Plaintiff's Counsel wishes to file a Redacted Reply Brief (removing from the public docket all references to, characterizations of, and qualitative statements concerning the settlement terms, settlement amounts, or settlement proceeds in *Caplinger v. AJM Packaging Corp.*; *Riley v. AJM Packaging Corp.*; and any other matter resolved pursuant to a confidential settlement agreement with AJM), it shall do so within **Three (3) Days** from the date of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff elects to file a Redacted Reply Brief, concurrent with the filing of said Reply, it shall file an Unredacted copy of the Reply Brief under seal.

**IT IS SO ORDERED.**

Dated: February 9, 2026

s/Brandy R. McMillion
Honorable Brandy R. McMillion
United States District Court Judge