UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BRAMMER,

          Plaintiff,

       v.

A.J.M. PACKAGING CORPORATION
and ROBERT E. EPSTEIN,

          Defendants.

_____ /

Case No. 2:25-cv-12499

Hon. Brandy R. McMillion
United States District Judge

**OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTION FOR AWARD
OF ATTORNEYS' FEES AND COSTS (ECF NO. 15)**

Plaintiff James Brammer ("Plaintiff" or "Brammer") brought this action under

the Fair Labor Standards Act ("FLSA") to recover overtime compensation against

Defendants A.J.M. Packaging Corporation ("AJM") and Robert E. Epstein

("Epstein," collectively "Defendants"). *See generally* ECF No. 1.  Plaintiff is

represented by Morgan & Morgan, P.A. ("Morgan & Morgan" or "the Firm").

Approximately one and a half months after the Complaint was filed, Plaintiff

accepted Defendant's offer of judgment pursuant to Federal Rule of Civil Procedure

Rule 68 ("Rule 68 Offer").  Then, the parties attempted to settle Morgan & Morgan's

attorneys' fees and costs, to no avail.  Plaintiff consequently filed this Motion for

1

award of attorneys' fees and costs.  *See generally* ECF No. 14.  It has been adequately briefed so the Court will rule based on the record before it.  *See* E.D. Mich. LR 7.1(f); *see* ECF Nos. 14-15, 18.

**I.**

In this FLSA action, Plaintiff brought a single claim for recovery of overtime compensation against Defendants.  *See generally* ECF No. 1.  Plaintiff's 40-paragraph, one-count complaint was filed on August 11, 2025.  *See id.*  However, according to Plaintiff, prior to filing the Complaint, counsel conducted extensive pre-filing procedures, including (1) "review of a lengthy and complex employment history, including multiple job titles, work locations, potential changes in job duties, and two distinct pay methods […;]" (2) sp[eaking] to more than one previous employee possessing a higher degree of knowledge regarding payroll and pay methodologies than the average employee[;]" and (3) "substantial legal and analytical work [that] was required because of the two distinct wage-and-hour issues present[ed in the case.]"  ECF No. 14, PageID.58-61.

On September 11, 2025, Defendants filed an answer to the Complaint, and on the same day, submitted a Rule 68 Offer to Plaintiff.  ECF No. 14, PageID.61-62; ECF No. 15, PageID.124-125.  There, Defendants offered, "$4,517.44 (which represent[ed] $2,258.72 in alleged unpaid overtime and $2,258.72 in liquidated damages) plus costs and reasonable attorneys' fees."  ECF No. 15, PageID.125; *see*

*also* ECF No. 15-4, PageID.157-159.  On September 25, 2025—14 days after receipt of the offer—Plaintiff accepted it.  *See* ECF No. 14-6, PageID.114 (Ertis Tereziu 9/25/2025 Time Entry: "Preparation of Plaintiff's Acceptance of OJ; emailed same to Mr. Morgan; revised and then served same to OC.").  At around the same time, the parties began discussing Plaintiff's attorneys' fees, which included but was not limited to Plaintiff's fee demand to Defendant and the Court-set settlement conference on December 2, 2025.  *See* ECF No. 15-7, PageID.165; *see also* ECF No. 13.  No settlement was reached at the settlement conference, so the Court directed Plaintiff to file any motion for attorneys' fees by January 16, 2026.  Accordingly, this Motion was filed.  *See generally* ECF No. 14.  The Motion has been fully briefed and, following a review of the record, the Court finds oral argument unnecessary.  *See* E.D. Mich. LR 7.1(f); *see* ECF Nos. 14-15, 18.

## II.

"An award of attorney fees to a prevailing plaintiff under § 16(b) of the FLSA is mandatory, but the amount of the award is within the discretion of the judge." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) (citing *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984)).  Pursuant to statute, "in addition to any judgment awarded to the plaintiff or plaintiffs, […] a reasonable attorney's fee [may…] be paid by the defendant, and costs of the

action." *Id* at 1135 (quoting 29 U.S.C.A. § 216(b)).  Plainly, the attorney fees award is not affected by a defendant's offer of judgment under Rule 68.  *Id.*

The Sixth Circuit has long instructed that "[a] reasonable fee should be adequate to attract competent counsel but avoid providing a windfall for attorneys." *Smyers v. Ohio Mulch Supply Inc.*, No. 21-3008, 2021 WL 2774665, at *2 (6th Cir. July 1, 2021) (citing *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004)).  To do so, a court can utilize "the lodestar method, which calculates counsel's reasonable hourly rate and the number of hours that counsel reasonably expended on the case, [which] is presumptively adequate to achieve these goals […] or the 'percentage-of-the-fund method,' in which the district court assigns a proportion of the total settlement to counsel." *Id.*  In either instance, a district court must explain its choice of preferred methodology for a particular case.  *Id.*

### III.

In the instant case, the Court will apply the lodestar method.  Given Plaintiff's acceptance of the $4,517.44 Rule 68 Offer and based on the Court's discretion "to select the more appropriate method […] in light of the unique characteristics" of the case, the Court finds this method most appropriate.  *Rawlings v. Prudential–Bache Props., Inc.*, 9 F.3d 513, 516 (6th Cir.1993); ECF No. 15-4, PageID.157-159; ECF No. 14-6, PageID.114; *see also Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343 (6th Cir. 2000) ("The trial court's initial point of departure, when calculating a

'reasonable' attorney fee, should be the determination of the fee applicant's 'lodestar[.]'"). So, the Court will "multipl[y] the number of hours 'reasonably expended' on the litigation by 'reasonable hourly rate[s].'" *Gascho v. Global Fitness Holdings*, LLC, 822 F.3d 269, 279 (6th Cir. 2016) (quoting *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995)).

In so proceeding, the Court finds that Morgan & Morgan's lodestar is 14.1 hours. The Court's determination is based on Plaintiff counsel's reasonable hours worked on this matter from August 9, 2025, the date of the finalized first draft of the Complaint, *see* ECF No. 14-6, PageID.113, until September 22, 2025, the date of Plaintiff's acceptance of the Rule 68 Offer, *see id.* at PageID.114. The Court's finding is a generous one, considering the crux of this case is limited to pre-litigation fact-finding to draft a one-count complaint; drafting, reviewing, and filing the complaint; and then reviewing and accepting a Rule 68 offer of judgment just one and a half months later. Any substantive pre-litigation services that Plaintiff claims was required is either improperly attributed to this particular action, insufficient to support an award of FLSA attorneys' fees and costs, or both. All post-Rule 68 Offer work undertaken primarily in connection with resolution of attorneys' fees are likewise not compensable under the FLSA.

Moving on to the reasonable hourly rate. *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) ("To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record."). The Court agrees with Morgan & Morgan that the following rates are reasonable: C. Ryan Morgan ("Mr. Morgan") (founding partner with over 20 years of experience) for an hourly rate of $650, Ertis Tereziu (fifth-year associate) for an hourly rate of $375, and Taylor Sikorski (paralegal) for an hourly rate is $175. ECF No. 14, PageID.68.

Defendant disputes these rates based on the market rate for attorneys of similar experience in the State of Michigan. ECF No. 15, PageID.129-130. However, in reviewing the Michigan Bar's "2023 Economics of Law Survey Results" and taking into account Mr. Morgan's extensive experience, the Firm's nationwide presence, and inflation as of 2026, the Court finds the fees reasonable as stated by the Firm. Further, courts in this district have approved similar rates. *See e.g., … Whitfield v. Trinity Rest. Grp.*, LLC, No. 18-10973, 2019 WL 13199604 (E.D. Mich. Oct. 3, 2019) (approving $718 per hour for partner with 17 years' experience; $275.00 per hour for associate with 2 years' experience, and $202 per hour for paralegal). Therefore, the Firm's reasonably expended 14.1 hours on this matter, multiplied by the aforementioned reasonable hourly rates yield a total of $5,222.50. The chart

below, informed by Plaintiff counsel's bill statement provided to the Court, *see* ECF

No. 14-6, PageID.112-125, properly reflects the Court's calculation.

| 8/9/2025 | Ertis Tereziu | 4.3 | $375.00 | $1,612.50 | Finalized first draft of complaint; multiple phone calls with client to tighten up statement of facts. |
|---|---|---|---|---|---|
| 8/11/2025 | Ertis Tereziu | 0.2 | $375.00 | $75.00 | Receipt and review of pacer confirmation of Plaintiff's complaint and consent to join. |
| 8/12/2025 | Ertis Tereziu | 0.3 | $375.00 | $112.50 | Receipt and review of notices of appearance, statements of disclosure, and executed Summons. |
| 8/12/2025 | Taylor Sikorski | 0.2 | $175.00 | $35.00 | Receipt and review of issued summons in Brammer and for saving them to file |
| 8/19/2025 | Ertis Tereziu | 0.2 | $375.00 | $75.00 | Email to opposing counsel notifying of recent actions against Defendants, asking whether they will accept service. |
| 8/19/2025 | Taylor Sikorski | 0.2 | $175.00 | $35.00 | Prepare service packet and submit request to process server to schedule service of Summons and Complaint. |
| 9/13/2025 | Ertis Tereziu | 1.5 | $375.00 | $562.50 | Preliminary review and analysis of Defendant's OJ offer in relation to client's potential damages; review and analysis of provided pay/time records (152) pages to develop summary, email exchange with Mr. Morgan re: same. |
| 9/15/2025 | Ertis Tereziu | 0.2 | $375.00 | $75.00 | Email to opposing counsel requesting native format of Defendant's damage calculations. |
| 9/15/2025 | Ertis Tereziu | 1.3 | $375.00 | $487.50 | Review of Defendant's Answer, comparing/contrasting denials to investigative notes, review and analysis of Defendant's six affirmative answers (preliminarily noting deficiencies in same) to properly advice client re: potential risk. |
| 9/16/2025 | Ertis Tereziu | 0.3 | $375.00 | $112.50 | Receipt and review of damage calculations from opposing counsel, email exchange w/ Ryan Morgan regarding awaiting same and next steps. |
| 9/16/2025 | Taylor Sikorski | 0.2 | $175.00 | $35.00 | Receipt and review and saving damages in native format. |

| 9/20/2025 | Ertis Tereziu | 1.8 | $375.00 | $675.00 | Email exchange and phone calls with client re: Defendant's OJ, seeking facts re: low amount of OT, analysis of offer in relation to potential damages, explaining same to client and potential options in writing. |
|---|---|---|---|---|---|
| 9/24/2025 | Ertis Tereziu | 1.7 | $375.00 | $637.50 | Review of OJ, review and analysis of potential issues in accepting OJ in relation to Riley, discussion w/ Mr. Morgan and Mr. Frisch re: same, preparation of email and email exchange with opposing counsel. |
| 9/25/2025 | C.Ryan Morgan | 0.2 | $650.00 | $130.00 | Review of Ertis emails. Feedback. |
| 9/25/2025 | Ertis Tereziu | 1.5 | $375.00 | $562.50 | Preparation of Plaintiff's Acceptance of OJ; emailed same to Mr. Morgan; revised and then served same to OC. |

TOTAL HOURS: **14.1**
TOTAL ATTORNEYS' FEES: **$5,222.50**
GRAND TOTAL AWARDED: **$5,222.50**

Having determined the lodestar, the Court must next look to "other considerations that may lead [it] to adjust the fee upward or downward […] the most critical factor of which is the degree of success obtained." *Dean v. F.P. Allega Concrete Const. Corp.*, 622 F. App'x 557, 559 (6th Cir. 2015) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434, 436 (1983)) (cleaned up). To do so, the Court will assess the following factors:

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the

results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 499 (6th Cir. 2011) (cleaned up).

Beginning with the most important factor, the Court finds that the level of success obtained in this case—a $4,517.44 judgment for Plaintiff—is not enough to create an upward adjustment. This is especially so given that of the total judgment amount, only $2,258.72 represented allegedly unpaid overtime. The Court could conclude its analysis here, but even if it were to continue, several of the other factors similarly dissuade against any adjustment. For example, as the Court has already explained *supra*, the amount of time and labor required in this case was minimal.[1] Further, any novelty or difficulty in the case was attributable to Plaintiff's purportedly unique facts, which are properly considered negligible in a 40-paragraph complaint. The Court finds that Plaintiff cannot reasonably argue that an award of $5,222.50 would preclude it from accepting similar cases in the future. Additionally, while Plaintiff retained the Firm on a contingency basis, this is not enough to justify either an upward or downward adjustment. ECF No. 14, PageID.67. *See e.g. York v. Velox Express, Inc.*, No. 3:19-CV-00092-CHL, 2022 WL 20804127, at *15 (W.D.

---

[1] The Court arrives at the same conclusion as to the third, seventh, tenth, and eleventh factors.

9

Ky. Mar. 25, 2022) ("On the other hand, neither the risk to counsel of non-payment nor the potential for an outsized fee payment were realized in this case. Therefore, the Court finds that [the contingency] factor justifies neither an upward nor downward adjustment to the lodestar."). So, no adjustment to the lodestar is warranted in this case, and the $5,222.50 calculation will remain.

As a separate and final point, the Court must determine what, if any, Plaintiff counsel's litigation costs will be. Plaintiff requests $655.00. ECF No. 14, PageID.72. Having already found that its award of attorneys' fees in this case is a generous one, the Court will not award Morgan & Morgan any additional fees. *See Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir.1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 897 (1984)) ("The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which **avoids producing a windfall** for lawyers.") (emphasis added).

## IV.

Accordingly, Plaintiff's Motion for Award of Attorneys' Fees and Costs (ECF No. 15) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS HEREBY ORDERED** that Defendant shall pay $5,222.50 in attorneys' fees to Plaintiff's counsel.

10

**IT IS FURTHER ORDERED** that the parties must submit a stipulation and proposed order of dismissal to the Court within **21 days** of the date of this Order.

**IT IS SO ORDERED.**

Dated: April 23, 2026                    /s/ Brandy R. McMillion
     Detroit, Michigan                Hon. Brandy R. McMillion
                                         United States District Judge

11